LUIGI CARBONETTA *vs.* NICHOLAS PANONE *et al.*

MARCH 24, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J.    This is a bill in equity to set aside a tax deed from the town of Barrington to Nicholas Panone. They are the named respondents in this cause. After duly filing its answer, the said town apparently had no further interest in these proceedings. Hereafter the word "respondent" will refer solely to Panone. The cause was heard in the superior court on bill, answers and proof. The trial justice thereafter filed a rescript dismissing the bill, and a final decree to this effect was duly entered. The cause is before us on complainant's appeal from this decree.

The only question before us in this cause is whether the complainant was deceived by an alleged statement of the town treasurer of Barrington, who was also its tax collector, in response to an inquiry in behalf of the complainant as to what taxes were due and unpaid to said town on certain land owned by the complainant. The land in question was subsequently sold to the respondent at a tax sale for nonpayment of the 1934 tax. The town treasurer, who was not made a party respondent, died before the hearing in the superior court.

It appears in evidence that, by warranty deed of October 29, 1934, which was recorded the following day, Joseph Di Matteo and his wife Michelina Di Matteo, conveyed three certain lots of land in the town of Barrington to the complainant, Luigi Carbonetta. At the time of the conveyance from the Di Matteos to the complainant, the tax on the lots in question had been assessed on June 15, 1934 to Joseph and Michelina Di Matteo. In his testimony Joseph Di Matteo professed ignorance of this fact, although he had been the owner of this and other real estate in Barrington for a number of years. Taxes by cities or towns in this state are assessed "as of the fifteenth day of June in each year at twelve o'clock noon, said date being known as the date for assessment of town taxes", unless that date falls on Sunday when other provision is made. G. L. 1923, chap. 60, sec. 1.

Taxes for 1935 on the three lots in dispute were assessed to the complainant, Luigi Carbonetta, on June 15 of that year. On November 15, 1935, the town of Barrington, through its tax collector, advertised these lots for sale for nonpayment of the 1934 taxes, which, as we have already stated, were assessed to the Di Matteos, the complainant's predecessor in title.

The testimony of Joseph Di Matteo in substance is that, upon hearing of the proposed tax sale, he first informed the complainant of such sale and then went to the town hall in

Barrington to inquire about the matter, where he spoke to Ebenezer Tiffany, the town treasurer and tax collector; that he asked Tiffany what was the full amount of taxes due from Luigi Carbonetta; that Tiffany's answer was that Luigi Carbonetta only owed the tax for 1935, whereupon he told Tiffany he would get the money and pay that tax. A 1935 tax bill for $11.88 to Luigi Carbonetta is in evidence and shows that such tax was paid, with 12 cents interest for delayed payment, on December 9, 1935.

A tax sale for nonpayment of the 1934 tax assessed to the Di Matteos was held on March 14, 1936, when the respondent bid in the lots in dispute. Three tax deeds, one for each of the lots, and each dated March 21, 1936, were received by the respondent, and were later put on record by him. It is conceded by the complainant that all statutory requirements in connection with such sale were complied with.

At the time of this tax sale, an owner of real estate sold for taxes could "redeem the same upon repaying to the purchaser the amount paid therefor, with twenty per centum in addition, within one year after the sale." G. L. 1923, chap. 62, sec. 18. Under date of August 9, 1937, almost seventeen months after the tax sale, the respondent wrote to "Mrs. Matilda Carbonetta", wife of the complainant, advising her that he was willing to reconvey the lots upon receipt of the money paid by him plus legal charges, and that if he did not hear from her in fifteen days he would sell them to "one who wishes to purchase them." This letter was addressed to "Mrs." Carbonetta due to respondent's erroneous recollection as to the person who held title to the lots at the time of the tax sale. However, the complainant does not question that such a letter was sent and received, nor does he deny that he had knowledge of its contents.

The respondent's offer to reconvey the lots was apparently ignored by the complainant, and so, on October 29, 1937, the respondent conveyed the lots to one Alphonse Mancini,

who, for some unexplained reason, was not made a party respondent. However, in view of the result which we reach in this opinion, such omission is of no consequence.

The bill in equity now before us was brought November 1, 1937. While the cause was pending in the superior court, complainant's attorney, on December 17, 1937, sent two letters, one to the respondent and the other to his attorney, stating, for the first time, that the complainant was willing and ready to pay the taxes paid by the respondent on the lots in dispute. Nothing came of this letter as the respondent no longer had title to the lots.

The complainant suggests that the testimony of Joseph Di Matteo, upon which he strongly relies, should be liberally interpreted in his favor, as Di Matteo was not conversant with the English language. We have so interpreted it, but are unable to accord Di Matteo's testimony any more weight than his language reasonably imports. He testified understandingly without the use of an interpreter, and throughout his testimony he consistently and repeatedly stated that his inquiry of the tax collector concerned the tax or taxes that were owed to the town of Barrington by Luigi Carbonetta. At no time did he testify that he inquired about the tax or taxes that were due and owing on the lots in dispute here.

The complainant, seeking to charge the town authorities with a neglect of duty prejudicial to him, argues that the complainant was misled by the failure of the town to note on his 1935 tax bill that the tax for 1934 had not been paid. We find no sound basis for such an argument. First, there is no statutory provision concerning the inclusion of such information in a tax bill. Second, the printed words "Due on 1934 Balance" on the 1935 tax bill to Luigi Carbonetta before us do not call for any such statement in the circumstances of this cause. The quoted words do not refer to any tax on the property to whomsoever assessed, but only to any

"balance" that might be due on the 1934 tax from the person to whom the property was taxed in 1935 and to whom the tax bill for that year is addressed, provided such person had also been taxed for that property in 1934. We cannot overlook the fact, as the complainant would like to have us do, that the 1934 tax was assessed to the Di Matteos and not to him, Luigi Carbonetta.

Furthermore, there is credible evidence in the record before us that the Di Matteos and the complainant were given adequate notice of the tax sale. In the circumstances, it cannot be said that thereafter the complainant could reasonably rely upon any alleged statement previously made by the town treasurer. Another important consideration is that Di Matteo, who was the complainant's predecessor in title and who acted for the complainant in the inquiry of the town treasurer, knew whether or not he, Di Matteo, had paid the 1934 tax on the land in question.

The authorities cited to us by the complainant in his brief are inapplicable to the situation revealed by our examination of the evidence in this cause. Relief in the cases upon which he relies is generally based upon a finding that the landowner was prevented from paying the tax, which later resulted in a tax sale of his property, by the neglect, wrong or mistake of the officer charged with the duty of collecting the tax. No such finding has been made in this case.

Aside from any question as to the credibility of Di Matteo's testimony, there is no evidence in the instant cause either direct or by way of reasonable inference, to even indicate that the town treasurer of Barrington, who was charged with the duty of collecting the tax under consideration here, did anything that was improper and misleading to the complainant's damage. The town treasurer correctly gave Di Matteo all the information as to the amount of the taxes due to the town of Barrington from Luigi Carbonetta. He was never asked by Di Matteo concerning what taxes were

due on the three lots in dispute, irrespective of the person in whose name such taxes may have been assessed. If the complainant has suffered damage, he cannot, in the circumstances of this cause, attribute his present situation to these respondents.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Nathan Perlman, Mervin N. Bachman,* for complainant.

*William H. McSoley,* for Nicholas Pannone.